ERIC GRANT
United States Attorney
JOSHUA B. BANISTER
BRENDAN DALEY
Assistant United States Attorney
MISDEMEANOR UNIT
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JACK PROPECK,<br>Defendant. | Case No. 6:25-mj-00056-HBK<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER THE DENIAL OF DEFENDANT'S MOTION TO DISQUALIFY RULE 180 OFFICERS** |

The defendant, Jack Propeck (defendant), on October 2, 2026, filed a motion asking this Court to reconsider its denial of the defendant's previous motion to disqualify the Rule 180 officers working federal misdemeanor cases in Yosemite. In support of his motion to reconsider, the defendant provided: 1) an email chain between the USAO and defendant's counsel discussing plea negotiations in this case; 2) a declaration from a former Rule 180 officer who is no longer employed by the National Park Service and who has not worked as a Rule 180 officer for over two years; and three certifications for some of the Rule 180 currently certified to serve as Rule 180 officers, which are on file with the Court. For the following reasons, the defendant has failed to show any change in circumstance warranting reconsideration of this Court's prior ruling. The Court should deny therefore the defendant's motion to reconsider.

To support this new motion, the defendant passed comfortably from a borderline frivolous argument in his previous outing into the realm of absurdity in his present motion. The defendant argues that the Rule 180 officers are operating outside the ambit and authorization of the United States Attorney's Office (USAO). In support, the defendant provides an email chain between the USAO and the defendant's attorney concerning plea negotiations in the present case. The defendant's use of the email chain fails to support his position for multiple obvious reasons.

First, the defendant interprets the silence between the emails as evidence of roguish independence on the part of the Rule 180 officers, operating outside the purview of the USAO. "Nothing in the ranger's email suggests an AUSA had previously established the government's position and directed the ranger to simply communicate it." ECF No. 24 at 4. The defendant's assertion is shocking in its obtuseness. The defendant could not have any way of knowing about internal communications within the USAO, nor should the defendant expect that communication between his attorney and the USAO would reveal what, when, and how internal USAO communications occur. Therefore, to state the obvious—that these plea negotiations do not reveal internal USAO communications—is farcical to the point of complaining the emails do not also state that the sky is blue.

Second, the defendant misconstrues the purpose of the communications. The defendant redacted out a key piece of his attorney's email which provides context to the communications. The unredacted email shows that the defendant's attorney had sought a plea for a between 9 and 12-month term of probation, but that the government's position was 18 months. Gov. Ex. 1. The response by the AUSA was rhetorical to make clear that the position conveyed by the Rule 180, 18 months, was the position of the USAO. The point was to prevent the defendant's attorney from trying to weasel a more favorable offer from the USAO by first negotiating with the Rule 180 officer verbally and then going to the USAO directly in writing. The response by the AUSA was to make clear that the USAO and Rule 180 officers were in lockstep on the government's position. Not only does email chain show that the USAO was in fact involved in the case and conducting oversight of the Rule 180 officers, it shows the defendant's attorney engaged in a form of brinksmanship to wedge the USAO and Rule 180 officers apart. The attempt simply failed. Such failure, however, is not a basis to disqualify the Rule 180 officer. The

government also notes the defendant's attorney at no time objected to the form or participants of the plea negotiations.

Third, the last email in the chain provided by the defendant was sent on July 1, 2026, almost a month before the defendant filed his original motion. This is not a change in circumstance as the defendant had this information well before filing the previous motion and does not constitute a change in circumstance. Further, this Court's rulings denying the defendants' motions in United States v. *Paydon*, 6:26-po-0082-HBK and *United States v. Pruett*, 6:26-po-00169-HBK, did not magically convert the defendant's email chain from late June into new information and cannot now be used as a basis for the Court to reconsider its ruling in this case. For all these reasons, the defendant's first exhibit fails to establish a basis for reconsideration.

The defendant's second exhibit is more meager than his first. A declaration from a former NPS employee who has not served as a Rule 180 officer for over two years, is neither new information, nor relevant. The defendant fails to explain why he could not have provided this declaration with his original motion. Further, the Court is familiar with the declarant and can come to its own judgement on the credibility and usefulness of the declarant's information as pertaining to the present case. Finally, both the number and personnel of Rule 180 officers as well as the AUSAs serving as misdemeanor coordinators has changed significantly since the declarant's time as a Rule 180 officer. Even accepting arguendo, the declarant's statement is correct, how a Rule 180 officer was supervised back in 2024—a year before the defendant's alleged misconduct even occurred in this case—has no bearing on this case.

The defendant's final exhibit is the most laughable of all. The defendant has copied Rule 180 certifications already on file with the court as evidence of the Rule 180 officer not complying with Rule 180. The defendant argues the certifications are on DOJ letterhead and not a court form.[1] The defendant fails to identify the form the certifications upon which the certifications were "supposed" to be done. It is also absurd to argue that Rule 180 officers are operating outside the auspices of the USAO and then complain that their Rule 180 certifications had the letterhead of the USAO. The defendant also argues,

[1] The USAO previously checked with the clerk's office and there is no such form the clerk's office provides, so the USAO has in fact gone beyond the requirements of the rule to ensure the Court has a certification on file. Further, this is at best an administrative oversight akin to a scrivener's error and not a basis to disqualify the Rule 180 officers.

in another "the sky is blue" observation of the obvious, the certification declares the respective Rule 180 officers are NPS employees. The defendant contends this is proof that the Rule 180 officers are prosecuting cases independent of the USAO. The defendant conveniently ignores the plain language of Rule 180(a)(4)(A), which begins, "An officer, agent or employee of a federal agency or department may practice… on criminal matters in this Court…if that officer, agent or employee has been assigned by the employing federal agency or department to appear as a prosecutor on its behalf…" The defendant is arguing that the Rule 180 officers are operating outside the boundaries of Rule 180 because the Rule 180 certifications literally quote the text of Rule 180. This argument is without merit.

For all these reasons, the defendant's motion for reconsideration should be denied.

DATED: October 8, 2026

Respectfully submitted,

ERIC GRANT
United States Attorney

By: /s/ *Joshua B. Banister*
JOSHUA B. BANISTER
Assistant United States Attorney