HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
LISA N. LUMEYA, DC Bar #90017392
PETER MCGUIRE, CA Bar #298869
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Counsel for Defendant
JACK M. PROPECK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JACK M. PROPECK,<br>Defendant. | Case No. 6:25-mj-00056-HBK<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY NATIONAL PARK SERVICE** |

Mr. Jack Propeck has produced new evidence further indicating the United States Attorney's Office ("USAO") has abdicated several key prosecutorial functions to law enforcement officers employed by the National Park Service ("NPS"). More specifically, this evidence sheds light on the nature of the decision-making authority active law enforcement officers exercise in Mr. Propeck's case, while also revealing the system of delegation previously established between the USAO and Yosemite Legal Office.

The government could have easily made an attempt to disprove the strong inferences raised by Mr. Propeck's evidence. But at no point has the government made any specific assertions that it was an Assistant United States Attorney ("AUSA"), as opposed to a park ranger, who reviewed the evidence, determined plea offers, or engaged in trial preparation in this case. Indeed, it says nothing in response to evidence showing a park ranger engaging in legal analysis to determine the

government's position. Nor does the government make any attempt to negate the information provided from a former Rule 180 officer confirming a system of delegation. *See* ECF No. 24 at 5–8. Instead, it continues to provide this Court with unresponsive arguments to defend its unique and unlawful practice of delegating prosecutorial authority to active law enforcement officers. Rather than affirmatively state and show that an AUSA has specifically made the disputed prosecutorial decisions in this case—which, if true,[1] could address this Court's concerns as described in its September 15, 2026 Order—the government's sole response is to again ignore the issues and dismiss the evidence without any logical reasoning.

Through its non-responsive opposition, the government asks this Court to turn a blind eye to the realities of its practice through which active law enforcement rangers routinely exercise the USAO's power—constituting what the government has characterized as a "force multiplier for the DOJ to deal with cases"[2]—and even conduct entire trials on their own.[3] This Court should note the government's clear inability to assert that active law enforcement rangers are not exercising prosecutorial authority. In light of this record, this Court should grant Mr. Propeck's motion to disqualify the NPS and require the USAO to fulfill its statutory obligations as Congress directed.

Respectfully submitted,

---

[1] As Mr. Propeck outlined in his underlying motion to disqualify the NPS, the appearance of justice in criminal proceedings is best served when an attorney represents the government. *See* ECF No. 16, at 17–19. This is because attorneys are subject to ethical obligations, and unlike a park ranger representing the United States under Local Rule 180(b)(4)(B), attorneys are subject to discipline by a state bar.

[2] This Court heard consolidated oral argument in this case and *United States v. Anderson*, 6:25-po-00452-HBK. The transcript to that hearing is filed on the docket in *Anderson. Id.*, ECF No. 24, Transcript at 68–69 (E.D. Cal. Aug. 11, 2026).

[3] As confirmed at a recent bench trial, not a single one of the government's witnesses had contact with *any* AUSA or DOJ employee, and their government communication was limited to NPS representatives. *United States v. O'Brien*, 6:25-mj-00015-HBK, ECF No. 27, Trial Transcript at 20–21, 41–42, 82–83, 104 (E.D. Cal. June 29, 2026).

HEATHER E. WILLIAMS
Federal Defender

Date: October 13, 2026

*/s/ Lisa Ndembu Lumeya*
LISA N. LUMEYA
PETER MCGUIRE
Assistant Federal Defenders
Attorneys for Defendant
JACK M. PROPECK